# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

BENITO ILDEFONSO,

    Petitioner,

v.                                                       CASE NO. 5:19-cv-269-Oc-02PRL

WARDEN, FCC COLEMAN USP-II,

    Respondent.
_____/

## O R D E R

Upon due consideration of Petitioner's "Emergency Consolidated Motion for Relief and Preservation of Camera Footage, via SIS" (Dkt. 7) and the Response (Dkt. 9), the motion is granted to the limited extent that the camera footage, as confirmed by Respondent, is ordered preserved. The motion is otherwise denied.[1]

Petitioner specifically refers to an incident that occurred on July 16, 2019. Dkt. 7 at 2. He claims one particular corrections officer threatened and sexually harassed him, as well as planted paraphernalia in his cell. *Id*. He requests this Court order the officer "to be removed from working around me" and to be separated from him. *Id*. at 2-3. He also asks that the staff "be strictly informed of

---

[1] This motion was also denied in another case filed by Petitioner Benito Ildefonso, No. 5:19-cv-148-CEM-PRL, which was dismissed without prejudice on April 23, 2019.

their duties to protect, and the importance of understanding consequences behind criminal acts." *Id*.

The purpose of a temporary restraining order (TRO) is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit can be reviewed. The district court has discretion to grant or deny the TRO, and in doing so must consider whether 1) there is a substantial likelihood of success on the merits, 2) that injunctive relief is necessary to prevent irreparable harm, 3) that the threatened injury outweighs the harm that the requested injunctive relief would cause to the defendants, and 4) that the injunction would not be adverse to the public interest. Fed. R. Civ. P. 65(b); Local Rule 4.05(b)(4); *see Siegel v. LePore*, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (finding that an irreparable injury "must be neither remote nor speculative, but actual and imminent").

Petitioner is essentially asking the Court to compel the Respondent to comply with the policies of the Bureau of Prisons (BOP). If granted, the injunction would be nothing more than an "obey the law" decree which is unenforceable and disfavored. *See SEC v. Smyth*, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005); *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531-32 (11th Cir. 1996); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200-01 (11th Cir. 1999). Granting

the TRO would also require this Court to interfere in the administration of the BOP and in the management of a single inmate. Federal courts should defer to prison administrators as to the policies and practices needed to preserve order and maintain security. *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979).

Accordingly, Petitioner's motion (Dkt. 7) is granted to the limited extent the camera footage referenced at docket 9 is ordered to be preserved until further order of this Court. Because Petitioner has failed to show he is entitled to relief under either Local Rule 4.05 or Rule 65 of the Federal Rules of Civil Procedure, a TRO is denied. The motion is otherwise denied.

**DONE AND ORDERED** at Tampa, Florida, on August 8, 2019.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record and Petitioner, *pro se*